UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RODNEY RYAN GRAVES, *et al.*,

Plaintiffs,

v.

CYNTHIA CALLAHAN,

Defendant.

Civil Action No. 17-593 (JEB)

**MEMORANDUM OPINION**

*Pro se* Plaintiffs Rodney and DeAlva Graves brought this action for money damages against Cynthia Callahan, a judge on the Montgomery County (Maryland) Circuit Court. The Graveses are unhappy with certain rulings Judge Callahan made in their foreclosure proceedings. Defendant now moves to dismiss on myriad grounds. As judicial immunity (among other doctrines) bars this suit, the Court will grant the Motion.

**I.      Background**

Although their Complaint can be hard to follow at times (and apparently omits several pages), Plaintiffs allege that, during litigation concerning a foreclosure of their property, Judge Callahan "'*acted non judicially*' by *inter alia*, failing to acknowledge Rodney's '*legal interest*' and standing, already established by Judge Greenberg nearly 2 years prior." Compl. at 5. She also purportedly erred "by not following [Maryland Rule 14-211] and unlawfully enjoining Rodney from further filing pleadings in foreclosure process, which deprived him of due process of law for appeal." Id. (brackets original). The Graveses also allege that "Judge Callahan is not an appellant judge, thus her actions were in '*clear absence of all jurisdiction*' when she unlawfully overruled Judge Greenberg." Id. She further "acted outside her delegated jurisdiction while not performing functions

1

normally performed by judges of the Circuit Court for Judicial Circuit 6." Id. Some of her conduct "intentionally violated [Plaintiffs'] protected constitutional and civil rights because of their '*race and color*.'" Id.

As a result of Defendant's alleged transgressions, Plaintiffs seek $850,000 in compensatory damages, treble damages, and $10 million in punitive damages. Id. at 6-7.

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss any count of a complaint that fails "to state a claim upon which relief can be granted." In evaluating a motion to dismiss, the Court "must treat the complaint's factual allegations as true and must grant plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)) (citation omitted). The Court need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference unsupported by the facts set forth in the Complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Rule 12(b)(6)'s pleading standard is "not meant to impose a great burden upon a plaintiff," Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005), as a count will survive so long as there is a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Dura Pharm., 544 U.S. at 347). While "detailed factual allegations" are not necessary to withstand a dismissal motion, id. at 555, a complaint still "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). In other words, a plaintiff must put forth "factual content that allows the court to draw the reasonable inference that the

2

defendant is liable for the misconduct alleged." Id. A complaint may survive even if "'recovery is very remote and unlikely'" or the veracity of the claims are "doubtful in fact" if the factual matter alleged in the complaint is "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555-56 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

In evaluating the sufficiency of Plaintiff's Complaint under Rule 12(b)(6), the Court may consider "the facts alleged in the complaint, any documents either attached to or incorporated in the complaint[,] and matters of which [the court] may take judicial notice." EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997). In addition, the Court must consider a *pro se* litigant's Complaint "in light of" all filings, including those responsive to a motion to dismiss. Brown v. Whole Foods Market, 789 F.3d 146, 152 (D.C. Cir. 2015) (quotation omitted). In so doing, the Court is also mindful that complaints filed by *pro se* litigants are "h[e]ld to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).

**III.  Analysis**

While Defendant appropriately raises a host of infirmities with Plaintiffs' pleadings, some would just delay the litigation either here or elsewhere. For example, although Judge Callahan questions personal jurisdiction in this case, it is unclear without discovery or further briefing whether she may be sued here. Given that the doctrine of judicial immunity plainly shields her, however, this seems the wisest basis on which to dispose of the matter. See Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422, 431 (2007) ("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (quotation omitted).

"Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 553-54 (1967). One purpose of the doctrine is to "protect[] judicial independence by

insulating judges from vexatious actions prosecuted by disgruntled litigants," Forrester v. White, 484 U.S. 219, 225 (1988) – precisely the case here. As a result, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (quotation omitted). Such immunity even covers suits claiming a deprivation of constitutional rights. See Apton v. Wilson, 506 F.2d 83, 90 (D.C. Cir. 1974) ("The common law immunity of judges is fully applicable in suits under 42 U.S.C. § 1983 alleging deprivations of constitutional rights.").

As the Graveses here complain solely of acts taken by Judge Callahan in her judicial role, and as they seek money damages (as opposed to some type of injunctive or declaratory relief), their suit cannot survive. Moore v. Motz, 437 F. Supp. 2d 88, 93 (D.D.C. 2006) (citing Mireles v. Waco, 502 U.S. 9, 11 (1991)).

## IV. Conclusion

The Court, accordingly, will dismiss the case without prejudice. A separate Order consistent with this Memorandum Opinion shall issue this date.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date: May 30, 2017